UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-cv-21907-ALTMAN/Louis

**CHARMAINE ELIS FLOYD**,

    *Plaintiff*,

v.

**JERRY BLACK**, *et al.*,

    *Defendants.*

_____/

## ORDER

Our Plaintiff, Charmaine Elis Floyd, filed her non-prisoner Complaint for Violation of Civil Rights (the "Complaint") [ECF No. 1] and Application to Proceed in District Court Without Prepayment of Fees or Costs, or, *in forma pauperis* (the "IFP Motion") [ECF No. 3]. On June 3, 2025, U.S. Magistrate Judge Lauren F. Louis submitted a Report and Recommendation (the "Report") [ECF No. 10], in which she recommended that we dismiss the Complaint "with leave to amend" and deny the IFP motion without prejudice. *Id.* at 4. In that Report, Magistrate Judge Louis warned the Plaintiff as follows:

> The parties will have **FOURTEEN (14)** days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with this Court. Failure to timely file objections shall bar the parties from a de novo determination by a District Judge of this Court of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. See 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

*Ibid.* (cleaned up).

The Plaintiff then filed two sets of documents (the "Correspondence") on June 13, 2025—within the objection deadline. *See* Correspondence [ECF Nos. 12, 13]. We have no idea what message these documents are supposed to convey—or even how they're at all relevant to this case. Both sets

of documents are just illegible compilations of nonsensical word salad. The first set even includes an April calendar and instructions for a Visa "Netspend" program. *See* Correspondence [ECF No. 12]. Obviously, we won't be treating the Correspondence as any kind of properly filed objection to the Report. Although "*pro se* pleadings are held to a more lenient standard than pleadings filed by lawyers," *Abram-Adams v. Citigroup, Inc.*, 491 F. App'x 972, 974 (11th Cir. 2012), that "leniency does not give a court license to serve as *de facto* counsel for a party or rewrite an otherwise deficient pleading in order to sustain an action," *Curtiss v. Comm'r of Soc. Sec.*, 856 F. App'x 276, 276 (11th Cir. 2021) (cleaned up).

But even if we did treat the Correspondence as objections, those objections would still fail. "Parties filing objections to a magistrate's report and recommendation must *specifically identify* those findings objected to." *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988) (emphasis added). "Frivolous, conclusive, or general objections need not be considered by the district court." *Ibid.* Where, as here, the plaintiff "fails to explain the basis for [her] disagreement, and [s]he identifies no legal or factual error in . . . the Report[,] [her] objections simply are not sufficient to justify *de novo* review." *Johnson v. Curry*, 2023 WL 3613818, at *2 (M.D. Fla. May 24, 2023) (Howard, J.) (first citing *McCullars v. Comm'r*, 825 F. App'x 685, 694 (11th Cir. 2020); then citing *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006); and then citing *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988)).

When no party has timely (or sufficiently) objected to the Report, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's notes (citation omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged that Congress's intent was to require *de novo* review only where objections have been properly filed—and not, as here, when no party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other

standard, when neither party objects to those findings."). In any event, the "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)).

Having reviewed the Report, the record, and the applicable law, we find no clear error on the face of the Report. Accordingly, we hereby **ORDER AND ADJUDGE** as follows:

1. The Report [ECF No. 10] is **ACCEPTED and ADOPTED** in full.

2. The Plaintiff's Complaint [ECF No. 1] is **DISMISSED without prejudice**. The Plaintiff may file an amended complaint **by July 21, 2025**. If the Plaintiff amends her Complaint, she must "set forth what rights were violated, or whether the Defendants acted under color of law." Report at 4. She must also advance some facts in support of her claim. *See id.* at 3 (noting that the Plaintiff's "limited allegations do not advance any facts in support"); *see generally* Compl. (alleging no facts in support of her claim). And if she's filing a *Bivens* claim, the Plaintiff should only answer the questions pertaining to *Bivens* claims in her complaint form. *See* Compl. at 3–4 (alleging that she's suing solely "[f]ederal officials (a *Bivens* claim)," but then never answering which "constitutional right(s)" she's claiming were violated "by federal officials").

3. The Plaintiff's IFP Motion [ECF No. 3] is **DENIED without prejudice**. If the Plaintiff submits an amended complaint, she must also re-submit her IFP Motion. This time, she must "[c]omplete all questions" and "not leave any blanks." IFP Mot. at 1. That's so we can accurately assess her financial need.

4. The Clerk of Court is **DIRECTED** to **CLOSE** this case. All pending deadlines, other than the deadline for the Plaintiff's Amended Complaint, are **TERMINATED**, and any pending motions are **DENIED** as moot.

**DONE AND ORDERED** in the Southern District of Florida on July 8, 2025.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record